IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ADAM CHRISTOPHER CLEMENT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:13-CV-247-TMH |
| ) | [WO] |
| ) | |
| JAY JONES, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Adam Christopher Clement ["Clement"], an indigent inmate, in which he challenges the treatment provided for a vision issue during his confinement at the Lee County Detention Center.

In the complaint, Clement requested issuance of a preliminary injunction requiring that the defendants provide him "the services of an optometrist...." *Complaint - Doc. No. 1* at 6. The court therefore construed the document to contain a motion for preliminary injunction and required a response to the motion from the defendants. *Order of April 22, 2013 - Doc. No. 5*. In their response, the defendants maintain that they have not acted with deliberated indifference to the plaintiff's vision problem, the condition suffered by the plaintiff is not so serious as to implicate constitutional protection and arrangements for referral of the plaintiff to an optometrist are underway.

Upon review of this motion and the response filed by the defendants, the court concludes that the motion for preliminary injunction is due to be denied.

## II.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Clement demonstrates each of the following prerequisites:  (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306  *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim,

regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

### III.  DISCUSSION

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Clement has failed to demonstrate a substantial likelihood of success on the merits of his claims. The assertions contained in the motion for preliminary injunction are merely conclusory, self-serving allegations regarding alleged deliberate indifference to a vision condition. *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (When seeking relief based on deliberate indifference, an inmate is required to establish "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need and an actual inference of required action from those facts."); *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999) (for liability to attach, the official must know of and then disregard an excessive risk to the prisoner); *Farmer v. Brennan,* 511 U.S. 825, 837 (1994) (Deliberate indifference occurs only when a defendant "knows of and disregards an excessive

risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference."). There is nothing before the court which indicates the defendants knew that the manner in which Clement received treatment created a substantial risk to his health and that with this knowledge consciously disregarded such risk.

In addition, Clement has utterly and completely failed to demonstrate a substantial threat that he will suffer a requisite irreparable injury absent issuance of the requested preliminary injunction. The third factor, balancing potential harm to the parties, clearly weighs more heavily in favor of the defendants as issuance of the requested injunction would severely undermine the authority of jail personnel by limiting their ability to provide medical treatment to inmates in accordance with their professional judgment. In essence, granting the relief requested by Clement would provide an inmate the means by which to dictate the manner in which his complaints are addressed by medical personnel. Finally, the public interest element of the equation is, at best, a neutral factor at this juncture. Thus, Clement has failed to meet his burden of demonstrating the existence of the necessary prerequisites for issuance of a preliminary injunction.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff be DENIED.

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before June 18, 2013 the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are further advised that this Recommendation is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues addressed in the Recommendation and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 3rd day of June, 2013.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE