IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ADAM CHRISTOPHER CLEMENT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> JAY JONES, et al., ) <br> ) <br> Defendants. ) | CASE NO. 3:13-CV-247-TMH <br> [WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Adam Christopher Clement ["Clement"], an indigent county inmate. In the complaint, Clement challenges the adequacy of medical treatment provided to him for headaches suffered during his confinement at the Lee County Detention Center.

Pursuant to the orders of this court, the defendants filed written reports supported by relevant evidentiary materials in which they addressed the claims for relief presented by Clement. The report and evidentiary materials refute the self-serving, conclusory allegations presented by Clement in the complaint. Specifically, these documents indicate that the defendants did not act with deliberate indifference to Clement's condition; instead, the undisputed evidentiary materials filed by the defendants establish that the attending physician thoroughly examined Clement regarding his complaints of headaches, evaluated the nature of his complaints and rendered medical treatment pursuant to his professional judgment in an effort to alleviate the headaches.

In light of the foregoing, the court issued an order directing Clement to file a response to the defendants' written reports. *Order of August 6, 2013 - Doc. No. 35*. The order advised Clement that

his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. The time allotted Clement for filing a response in compliance with the directives of this order expired on September 16, 2013. As of the present date, Clement has failed to file a requisite response in opposition to the defendants' written reports. The court therefore concludes that this case should be dismissed.

      The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear dismissal of this case is the proper course of action. Clement is an indigent inmate. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Clement's actions suggest a loss of interest in the continued prosecution of this case. Finally, the undisputed evidentiary materials submitted by the defendants, including medical records compiled contemporaneously with the treatment provided to Clement, indicate that no violation of the Constitution occurred. It is therefore apparent that any additional effort by this court to secure his compliance would be unavailing. Consequently, the court concludes that the plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure

to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.  It is further

ORDERED that on or before October 22, 2013 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 7th day of October, 2013.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE